# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY IVANITCH | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1783 |
| v. | : | (JUDGE MANNION) |
| DUNKIN DONUTS | : | |
| Defendant | : | |

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge William I. Arbuckle ("Report") (Doc. 16), which recommends that the plaintiff Holly Ivanitch's ("Ivanitch") amended complaint, (Doc. 6), be dismissed or, alternatively, that the defendant Dunkin Donuts' ("Defendant")[1] motion to dismiss, (Doc. 12), be granted as unopposed. No objections have been filed to the Report. Based on the court's review of the record and pleadings in this matter, the Report is adopted in part, Ivanitch's amended complaint, (Doc. 6), is dismissed pursuant to Federal Rule of Civil Procedure 41(b), and the Defendant's motion to dismiss, (Doc. 12), is dismissed as moot.

---

[1] In its motion to dismiss, the Defendant states that Ivanitch erroneously named Dunkin Donuts as the defendant instead of Summit Valley Partners.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b); advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

On September 12, 2018, Ivanitch, proceeding *pro se*, filed a complaint against the Defendant alleging discrimination. (Doc. 1). On December 28, 2018, Judge Arbuckle issued an order, (Doc. 5), permitting Ivanitch to proceed *in forma pauperis*. In his order, Judge Arbuckle also observed that Ivanitch's complaint, among other things, failed to state a claim upon which relief could be granted, but permitted her "an opportunity to cure the deficiencies noted" by filing an amended complaint by January 31, 2019. (Doc. 5, at 2).

Ivanitch filed a timely amended complaint. (Doc. 6). On May 6, 2019, the Defendant filed a motion to dismiss, (Doc. 12), arguing that Ivanitch failed to establish a *prima facie* case of reverse race discrimination. On May 13, 2019, Judge Arbuckle issued an order directing Ivanitch to file a brief in opposition to the motion to dismiss and warned that the failure to do so could result in the Defendant's motion being deemed unopposed or in dismissal of the case. (Doc. 14). Ivanitch failed to comply with the order and, on May 30, 2019, Judge Arbuckle issued another order, which contained the same warnings but, this time, gave Ivanitch until June 14, 2019, to file the brief in opposition. (Doc. 15). Ivanitch once again failed to file a brief in opposition.

On October 23, 2019, Judge Arbuckle issued the instant Report. In it, Judge Arbuckle recommends that the Defendant's motion to dismiss, (Doc. 12), be granted as unopposed pursuant to Local Rule 7.6,[2] given Ivanitch's failure to file a brief in opposition despite the court's orders warning of the consequences of failing to do so. In the alternative, the Report recommends that Ivanitch's amended complaint, (Doc. 6), be dismissed pursuant to Rule

---

[2] Local Rule 7.6 states, in pertinent part, "Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion." M.D.Pa.L.R. 7.6.

41(b)[3] for failure to prosecute, since all *Poulis* factors[4] weigh in favor of dismissal.

The court has reviewed the Report of Judge Arbuckle, as well as the complaint, the amended complaint, the motion to dismiss, and the orders, and the court will adopt the Report insofar as it recommends dismissal of the amended complaint pursuant to Rule 41(b) for failure to prosecute. Upon review of Judge Arbuckle's thorough analysis of the six *Poulis* factors, the court agrees with the sound reasoning that led him to conclude that all factors weigh in favor of dismissal of this case. As such, the court adopts that portion of the Report of Judge Arbuckle as the opinion of the court.

---

[3] Rule 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed.R.Civ.P. 41(b).

[4] *Poulis* factors refers to the six factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), that a court is required to weigh in evaluating dismissal for failure to prosecute. They include the following: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether there is a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of a sanction other than dismissal, including analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Arbuckle, (Doc. 9), is **ADOPTED IN PART**;

**(2)** Ivanitch's amended complaint, (Doc. 6), is **DISMISSED** pursuant to Rule 41(b);

**(3)** The Defendant's motion to dismiss, (Doc. 12), is **DISMISSED AS MOOT**; and

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 12, 2019**
18-1783-01